| | |
|---|---|
| DISTRICT COURT, PUEBLO COUNTY, COLORADO<br><br>Court Address:<br>510 North Elizabeth Street<br>Pueblo, CO 81003<br>Telephone: (719) 404-8700 | DATE FILED: July 31, 2018 1:32 PM<br>FILING ID: D1DB1710D170C<br>CASE NUMBER: 2018CV30534 |
| Plaintiff:   LARRY QUINTANA<br><br>v.<br><br>Defendant:   SAFECO INSURANCE COMPANY OF AMERICA, A LIBERTY MUTUAL COMPANY, a New Hampshire Corporation | ▲COURT USE ONLY▲ |
| Attorney for Plaintiff<br>Patric J. LeHouillier, #7984<br>Franklin D. Azar & Associates, P.C.<br>5536 Library Lane<br>Colorado Springs, CO 80918<br>Phone Number:  (719)527-8000<br>Fax Number:     (719) 550-3926<br>E-Mail:  lehouillierp@fdazar.com | Case Number:<br><br>Division: |
| **COMPLAINT** | |

Comes now the Plaintiff, Larry Quintana, by and through his attorneys, Franklin D. Azar & Associates P.C., and submits the following for his Complaint:

### I JURISDICTION AND VENUE

1. Plaintiff Larry Quintana is a resident of Pueblo County. His residence address is 2003 Driftwood Lane, Pueblo, Pueblo County, Colorado.

2. Defendant Safeco Insurance Company of America, A Liberty Mutual Company, is a New Hampshire corporation. It is an insurance company licensed to do business in the state of Colorado.

3. This is a claim for breach of contract and bad faith. Although the Defendant's conduct is evidenced by correspondence, the breach and bad faith occurred in Pueblo County, Colorado.

4. This Court has jurisdiction and venue appropriately lies with this District

Exhibit A

Court per Rule 98(c) of the Colorado Rules of Civil Procedure.

## II GENERAL ALLEGATIONS

5. The Plaintiff has an automobile policy with Defendant Safeco. That policy contains underinsured motorist coverage with limits of $25,000.00 per person.

6. Plaintiff was injured in a motor vehicle collision which occurred on January 2, 2017. The cause of the collision was Robert Swenson's failure to stop for a red light at the intersection of West 6th Street and Court Street in Pueblo, Pueblo County, Colorado. A copy of the State of Colorado Traffic Accident Report is attached as **Exhibit A**.

7. At the time of the collision, Mr. Swenson was also insured by Safeco Insurance Company. His policy contained bodily injury coverage with $100,000.00 per person limits.

8. Mr. Quintana was badly injured as a result of the collision. He was taken by ambulance to Parkview Hospital. His primary injury consisted of a torn rotator cuff in his right shoulder. Following his initial treatment at the Parkview Hospital emergency department, Plaintiff underwent physical therapy. Eventually, however, he was taken to surgery by Lance Farnworth, M.D.. His medical treatment expenses exceeded $65,000.00.

9. Because of his injuries, Plaintiff Larry Quintana lost substantial employment income. His employment income losses exceed $2,400.00.

10. In July of 2017, Safeco offered to settle the claim against Mr. Swenson for policy limits of $100,000.00. At that point, Plaintiff sought Defendant's permission to accept Mr. Swenson's policy limits in settlement of the underlying bodily injury claim. On September 14, 2017, Safeco responded, giving its consent for the Safeco BI settlement and waiving any subrogation claim it may have had. (A copy of the consent is attached as **Exhibit B**).

11. On September 14, 2017, Mr. Quintana, through counsel, requested that Safeco evaluate his claim for underinsured motorist coverage benefits. (A copy of the request to evaluate is attached as **Exhibit C**).

12. On September 20, 2017, Safeco offered $500.00 to settle Mr. Quintana's underinsured claim.

13.    On September 25, 2017, Plaintiff rejected the $500.00 Safeco offer and informed Safeco that it had breached its obligations to its insured.  (A copy of Quintana's counsel's letter of September 25, 2017 is attached as **Exhibit D**).

14.    On October 31, 2017, Defendant Safeco increased its settlement offer to $750.00.  The Safeco letter is attached as **Exhibit E.**

15.    The Safeco $750.00 offer was rejected.

### III FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT

16.    Plaintiff reiterates as though restated in full, those allegations set forth in paragraphs 1 through 15 of this Complaint.

17.    Defendant Safeco has breached its insurance policy contract to Plaintiff.

18.    Plaintiff has incurred injuries, damages and losses as a consequence of the Defendant's breach of its contractual obligation to him.

### IV SECOND CLAIM FOR RELIEF
### STATUTORY BAD FAITH CLAIM UNDER § 10-3-1115 AND 10-3-1116
### AGAINST DEFENDANT SAFECO INSURANCE COMPANY

19**.**    Plaintiff reiterates as though restated in full, those allegations set forth in paragraphs 1 through 18 of this Complaint.

20.    Defendant Safeco has denied and/or delayed payment of benefits to Plaintiff Quintana without a reasonable basis for doing so.

21.    Defendant Safeco's unreasonable position and conduct has caused Plaintiff damage by the loss of the compensation that is due to him and which Defendant Safeco should have previously paid to Plaintiff.

22.    In accordance with C.R.S. §10-3-1116, Plaintiff is entitled to recover twice the covered benefits under the policy, plus reasonable attorney's fees and court costs from Defendant Safeco.

23.     Defendant Safeco's actions and omissions have been perpetrated with wanton and willful disregard for Plaintiff's rights and well-being, thereby entitling Plaintiff to an award of punitive and exemplary damages in an amount to be determined by a jury.

## V THIRD CLAIM FOR RELIEF
## COMMON LAW INSURANCE BAD FAITH AGAINST DEFENDANT SAFECO INSURANCE COMPANY

24.     Plaintiff reiterates as though restated in full, those allegations set forth in paragraphs 1 through 23 of this Complaint.

25.     Defendant Safeco owed Plaintiff a duty to act in good faith in reviewing, adjusting, and settling his claims.

26.     Defendant Safeco breached its duties to its insured, and acted in bad faith, through its conduct as described above. Specific instances of Defendant Safeco's bad faith include, but are not limited to, the following actions and omissions:

   a. Compelling Plaintiff to institute litigation to recover benefits owed under the underinsured motorist bodily injury benefits afforded to him by the insurance policy;
   b. Favoring the interests of Defendant Safeco, an insurer, over those of Plaintiff, the insured, to whom Safeco owes fiduciary and statutory duties;
   c. Refusing or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff suffered at the hands of an underinsured motorist;
   d. Incompetently evaluating Plaintiff's claims.

27.     Defendant Safeco's actions have been unreasonable.

28.     Defendant Safeco knew its conduct was unreasonable, and/or disregarded the fact that its conduct was unreasonable.

29.     Defendant Safeco's breaches of its duties to Plaintiff, its insured, have caused him to suffer damages including, but not limited to, the following:

    e. Being forced to incur additional costs in litigation;

    f. Enduring emotional trauma of being unnecessarily involved in a lawsuit with Safeco;

    g. Being deprived of the use of funds owed to Plaintiff which should have been paid by now, and his credit impaired by debt collection.

30. Defendant Safeco's actions and omissions have been perpetrated with wanton and willful disregard for Plaintiff's rights and well-being, thereby entitling Plaintiff to an award of punitive and exemplary damages in an amount to be determined by a jury.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendant and in his favor for all damages in an amount to be determined at the time of trial, pre-judgment interest from the date of the accident, post-judgment interest, costs, expert witness fees, attorney's fees, statutory treble damages, punitive and exemplary damages, and for such other and further relief as this Court deems proper.

Respectfully submitted this 31st day of July, 2018.

FRANKLIN D. AZAR & ASSOCIATES, P.C.
*Pursuant to C.R.C.P. 121 § 1-29(9), original is duly signed and on file at the office of Franklin D. Azar & Associates, P.C., and will be made available for inspection by other parties of the Court upon request.*

*s/Patric J. LeHouillier*
Patric J. LeHouillier, #7984
ATTORNEY FOR PLAINTIFF

**Plaintiff's Address:**
**2003 Driftwood Lane**
**Pueblo, CO  82005**